## COMMONWEALTH *vs.* EMILY R. BOON.

It is no ground for discharging a defendant, brought before a justice of the peace to answer to a complaint for a criminal offence, that the warrant on which he was arrested contained no command to the officer to make return of the same and of his doings thereon.

A complaint, which alleges that the defendant, on a day named, at F., " was, and is a common drunkard, having been at divers days and times within six months now last past, at said F., drunk and intoxicated, by the voluntary and excessive use of spirituous and intoxicating liquors," is sufficient; and need not conclude " to the common nuisance of all the citizens," &c.

A COMPLAINT, made to a justice of the peace, on the 27th of July 1853, alleged that the defendant, on that day, at Framingham, " was and is a common drunkard, having been on divers days and times within six months now last past, at said Framingham, drunk and intoxicated by the voluntary and excessive use of spirituous and intoxicating liquors, against the peace of the Commonwealth, and the form of the statute in such cases made and provided."

The justice issued a warrant to an officer, commanding him to take the defendant and bring her before said justice or some other justice in the county, to answer to this complaint; and also commanding him to summon the complainant and certain others named as witnesses. But the warrant contained no command to the officer to make due return of the same, and of his doings thereon. And for this omission, the defendant, being brought before the justice, declined to plead, and moved for her discharge. But the justice overruled the motion, and ordered the defendant to plead, who then pleaded not guilty. Being found guilty by the justice, she appealed to the court of common pleas, and there renewed her motion, which was again overruled.

She then pleaded guilty; and moved in arrest of judgment, on the ground that no offence was set forth and alleged in the complaint. But *Perkins*, J. overruled this motion. And the defendant alleged exceptions.

*F. F. Heard*, for the defendant. 1. The warrant should contain a command to the officer to make a return thereof and of his doings thereon. *Tubbs* v. *Tukey*, 3 Cush. 441. And the

objection having been taken before the justice, before plea pleaded, is not waived. *Commonwealth* v. *Henry*, 7 Cush. 512.

2. Drunkenness in private is not a criminal offence. It becomes so only by being open and exposed to public view; to that extent, it becomes a nuisance, and must be so charged in the complaint. *The State* v. *Waller*, 3 Murph. 229. *Smith* v. *The State*, 1 Humph. 396. *Commonwealth* v. *Smith*, 6 Cush. 80.

*J. H. Clifford*, (Attorney General,) for the Commonwealth.

MERRICK, J. The warrant, which was issued in this case by the magistrate, would have been more accurate and complete, if it had contained a command to the officer by whom it was to be served to make due return of it with his doings thereon. But the want of such a command did not excuse him from the obligation of making a proper return. *Tubbs* v. *Tukey*, 3 Cush. 438. This he has done. And since the warrant was properly executed and duly returned, the deficiency of a formal command to the officer to do that which he actually did, and which he was legally bound to do whether the command was or was not expressed, affords no reason why the defendant should be absolved from answering to the charge made against her.

It is undoubtedly indispensable that nuisances should be alleged in complaints and indictments to be to the great damage and common nuisance of all the citizens of the Commonwealth. 1 Chit. Crim. Law, 245, 246. *Commonwealth* v. *Smith*, 6 Cush. 80. Such an allegation, however, was unnecessary in the complaint against the defendant, because the accusation set forth in it was not of that character. It is alleged, not only that on divers days and times she had been drunk and intoxicated by the voluntary and excessive use of spirituous and intoxicating liquors, but that on a day certain she was a common drunkard. The being a common drunkard is expressly made an offence by the statute. Rev. Sts. c. 143, § 5. And the words by which the offence is created and defined are fully descriptive of it. They are therefore technical; and because they are so, a party may well be charged in the general words of the statute. *Commonwealth* v. *Pray*, 13 Pick. 359. *Stratton* v. *Commonwealth*, 10 Met. 217.

*Exceptions overruled.*